UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

COMPASS ROSE SHIPPING, LTD.,

      Plaintiff,

vs.

M/V MARIANO LAURO, her engines,
Boilers, tackle, etc., *in rem* and
PENINSULA SHIPPING & TRADING
Srl, a foreign corporation,

      Defendants.

------------------------------------------------/

BANCA ANTONVENETA, S.P.A.
AND ITS SUCCESSORS AND
ASSIGNS

      Intervening Plaintiff.

vs.

M/V MARIANO LAURO, her engines,
Boilers, tackle, etc., *in rem*, PENINSULA
ENTERPRISE, S.P.A., and PENINSULA
SHIPPING & TRADING Srl,
foreign corporations,

      Defendants.

------------------------------------------------/

Case No.: 8-10-cv-369-T-30TBM

## VERIFIED COMPLAINT

Plaintiff-in-Intervention, BANCA ANTONVENETA, S.P.A. AND ITS SUCCESSORS AND ASSIGNS, (hereinafter "BANCA ANTONVENETA" or "Plaintiff-in-Intervention"), by its attorneys, Moseley, Prichard, Parrish, Knight, & Jones, P.A., as and for its Verified Complaint

against Defendants, M/V MARIANO LAURO, *in rem*, PENINSULA ENTERPRISE, S.P.A. (hereinafter "PENINSULA ENTERPRISE") and PENINSULA SHIPPING & TRADING SRL (hereinafter "PENINSULA SHIPPING"), *in personam*, alleges upon information and belief as follows:

## JURISDICTION

1. This is a proceeding to foreclose a Preferred Ship Mortgage for which this Court has jurisdiction under 28 U.S.C. § 1333 and 46 U.S.C. § 31326.

2. The Court also has subject matter jurisdiction because the underlying *in rem* and *in personam* claims herein are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

3. At all times material hereto, Plaintiff-in-Intervention, BANCA ANTONVENETA, was and still is a foreign business entity with a principal place of business at Piazzetta Turati, 2, 35131 Padova, Italy.

4. At all times material hereto, Defendant, M/V MARIANO LAURO, was and is a bulk cargo carrier, with IMO #9331804. The M/V MARIANO LAURO is now within the Middle District of Florida.

5. At all times material hereto, Defendant, PENINSULA ENTERPRISE, was and still is a foreign business entity with a principal place of business at Corso Italia, 211-80067 Sorrento (NA) Italy.

6. Upon information and belief, at all times material hereto, Defendant, PENINSULA SHIPPING, was and still is a foreign business entity with a principal place of business at Corso Italia, 211-80067 Sorrento (NA) Italy.

7. Upon information and belief, Plaintiff, Compass Rose Shipping, Ltd., is a foreign limited liability company with its principal place of business in Nassau, Bahamas. Compass Rose Shipping, Ltd. commenced this action on or about February 3, 2010.

8. Upon information and belief, Intervening Plaintiffs Jonnie P. Pangamiban, Juraj Biondić, Jozo Ilić, Ralph A. Licera, Bobby A. Franco, Rhomer P. De Guzman, Raymund B. Guiruela, Alan Gostečnik, Ante Perinović, Zdenko Milošević, Vilmo S. Sundo, Lester T. Cabilao, Nicola Butera, and Antić Zoran (hereinafter collectively the "crewmembers") are individual crewmembers who served aboard the M/V MARIANO LAURO. The crewmembers filed their Complaint-in-Intervention on or about February 18, 2010.

9. Upon information and belief, Intervening Plaintiff Franco Shipping Ltd. is a foreign business entity. Franco Shipping Ltd. filed its Complaint-in-Intervention on or about February 18, 2010.

10. Upon information and belief, Intervening Plaintiff Korea Line Corporation is a foreign business entity with its principal place of business in Seoul, Korea. Korea Line Corporation filed its Complaint-in-Intervention on or about March 9, 2010.

11. Upon information and belief, Intervening Plaintiff Florida Ship Supply is a domestic corporation with its principal place of business in Tampa, Florida. Florida Ship Supply filed its Complaint-in-Intervention on or about March 17, 2010.

12. Upon information and belief, Intervening Plaintiff 6588191 Canada, Inc. d/b/a Andros Marine Logistics is a foreign business entity with its principal place of business in

Montreal, Canada. 6588191 Canada, Inc. d/b/a Andros Marine Logistics filed its Complaint-in-Intervention on or about March 19, 2010.

### FACTS AND CLAIM

13.   On or about February 2, 2006, Plaintiff-in-Intervention, BANCA ANTONVENETA, and Defendant, PENINSULA ENTERPRISE, as Owner of the M/V MARIANO LAURO, entered into a loan facility agreement wherein BANCA ANTONVENETA agreed to loan PENINSULA ENTERPRISE USD 13,600,000.00. A copy of the notarized public deed, with its attachments, is attached hereto as Exhibit "1".[1]

14.   Shortly thereafter, the Board of Directors of Defendant, PENINSULA ENTERPRISE, issued a resolution accepting the loan agreement. *See* Exhibit "1" at attachment "A."

15.   Pursuant to the loan agreement, BANCA ANTONVENETA received a first preferred mortgage on the M/V MARIANO LAURO in the amount of USD 27,200,000.00. *See* Exhibit "1" at page 16.

16.   The mortgage was recorded on February 27, 2006. Copies of abstract of the ship's register and the abstract of the mortgage register, indicating that the mortgage was recorded, are attached hereto as Exhibits "2" and "3", respectively.

17.   During the pendency of the parties' agreement, Defendant, PENINSULA ENTERPRISE, ceased making payments to BANCA ANTONVENETA as required under the loan facility agreement.

---

[1] As Plaintiff-in-Intervention, BANCA ANTONVENETA, and the Defendants are each Italian entities, all relevant documentation is in the Italian language. The translation of these extensive documents could not be obtained within the time constraints presented by the circumstances of this case, but will be provided on an expedited basis upon Your Honor's request.

Chalos & Co ref: 2087.006                                                4

18. On or about February 12, 2010, Banca Monte Dei Paschi di Siena S.P.A. (hereinafter "MPS"), as successor-in-interest to Banca Antonveneta S.p.A.[2], provided Defendant PENINSULA ENTERPRISE with a letter of indebtedness, indicating the outstanding amounts due and owing under the parties' loan agreement. A copy of the letter of indebtedness is attached hereto as Exhibit "5".

19. On or about March 5, 2010, MPS notified Defendant PENINSULA ENTERPRISE that Defendant was in default of the parties' agreement and, accordingly, terminated the agreement. A copy of the Notice of Termination is attached hereto as Exhibit "6".

20. As outlined in the Notice of Termination, USD 10,380,755.73[3], inclusive of interest at the agreed upon rate of 2.811200%, was due and owing to BANCA ANTONVENETA S.P.A. AND ITS SUCCESSORS AND ASSIGNS from Defendant PENINSULA ENTERPRISE as of February 12, 2010.

## COUNT I
## FORECLOSURE AND ENFORCEMENT OF
## PREFERRED SHIP MORTGAGE AND CORRESPONDING LIEN

21. Plaintiff-in-Intervention, BANCA ANTONVENETA, repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 and incorporates those allegations herein.

22. The parties' loan agreement is secured by a first ranked mortgage on the vessel in the amount of USD 13,600,000.00, naming BANCA ANTONVENETA as Mortgagee. *See* Exhibit "1".

---

[2] A copy of the Deed of Succession of Banca Antonveneta S.p.A. into MPS is attached hereto for the Court's ready reference as Exhibit "4".

[3] € 7,788,344.48 = USD 10,380,755.73 as per the live rates reported on xe.com on March 25, 2010.

Chalos & Co ref: 2087.006                         5

23. Defendant PENINSULA ENTERPRISE has failed to perform its obligations under the parties' loan agreement and under the terms of the mortgage deed.

24. BANCA ANTONVENETA has made due demand for payment of the outstanding indebtedness by serving letters of indebtedness and notice of termination upon Defendant PENINSULA ENTERPRISE. *See* Exhibits "2" and "3", respectively.

25. Plaintiff-in-Intervention BANCA ANTONVENETA has a preferred mortgage lien on the M/V MARIANO LAURO and is entitled to a decree of foreclosure of its maritime lien against the M/V MARIANO LAURO, her engines, boilers, tackle and appurtenances, to have the M/V MARIANO LAURO, her engines, boilers, tackle and appurtenances sold at public auction, and to have the proceeds from the sale of the vessel paid as a priority in accordance with law.

26. Plaintiff-in-Intervention BANCA ANTONVENETA has performed all duties and obligations on its part to be performed and has otherwise performed or complied with all conditions precent to the maintenance of this action.

## COUNT II
## BREACH OF CONTRACT

27. Plaintiff-in-Intervention, BANCA ANTONVENETA, repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 and Paragraph 26 and incorporates those allegations herein.

28. The February 2, 2006 loan agreement is a binding and enforceable contract entered into between Plaintiff-in-Intervention BANCA ANTONVENETA and Defendant PENINSULA ENTERPRISE.

29. PENINSULA ENTERPRISE has failed to comply with its obligations by failing to make the required payments due to BANCA ANTONVENETA under the parties' agreement of February 2, 2006.

30. Plaintiff-in-Intervention BANCA ANTONVENETA has performed all of its obligations under the February 2, 2006 agreement.

31. As a result of Defendant PENINSULA ENTERPRISE's default, an outstanding balance of USD 10,380,755.73 is due and owing to Plaintiff-in-Intervention BANCA ANTONVENETA.

32. Plaintiff-in-Intervention, BANCA ANTONVENETA, has a first preferred mortgage lien on Defendants' vessel, the M/V MARIANO LAURO.

### COUNT III
### PENINSULA SHIPPING IS THE ALTER-EGO OF PENINSULA ENTERPRISE

33. Plaintiff-in-Intervention, BANCA ANTONVENETA, repeats and re-alleges each and every allegation contained in paragraphs 1 through 20, Paragraph 26 and Paragraphs 28 through 32 and incorporates those allegations herein.

34. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant PENINSULA ENTERPRISE and Defendant PENINSULA SHIPPING that no separation exists between them, and the corporate form of Defendant PENINSULA SHIPPING has been disregarded such that Defendant PENINSULA ENTERPRISE primarily transacted the business of Defendant PENINSULA SHIPPING, or vice versa.

35. The M/V MARIANO LAURO was purchased by Defendant PENINSULA ENTERPRISE in February 2006, and PENINSULA ENTERPRISE remained the registered owner of the vessel until on or about October 27, 2008.

36. Upon information and belief, PENINSULA SHIPPING was incorporated in Italy on October 21, 2008.

37. Upon information and belief, PENINSULA SHIPPING has the same registered address as PENINSULA ENTERPRISE.

38. Upon information and belief, PENINSULA ENTERPRISE is the sole shareholder of PENINSULA SHIPPING.

39. Upon information and belief, Defendant PENINSULA ENTERPRISE and Defendant PENINSULA SHIPPING have overlapping ownership, management, personnel and purposes such that Defendant PENINSULA ENTERPRISE and Defendant PENINSULA SHIPPING do not operate at arms length.

40. On or about October 27, 2008, the M/V MARIANO LAURO was sold from PENINSULA ENTERPRISE to PENINSULA SHIPPING.

41. Following the sale of the M/V MARIANO LAURO to PENINSULA SHIPPING, PENINSULA ENTERPRISE remained the manager of the vessel.

42. Upon information and belief, PENINSULA ENTERPRISE so completely dominates and disregards PENINSULA SHIPPING's corporate form that PENINSULA ENTERPRISE fully manages all operations of the vessel.

43. Upon information and belief, there are reasonable grounds to conclude that Defendant PENINSULA SHIPPING is the alter-ego of Defendant PENINSULA ENTERPRISE

and, therefore, Plaintiff-in-Intervention has a valid prima facie *in personam* claim against Defendant PENINSULA SHIPPING based upon alter-ego liability.

44. Plaintiff-in-Intervention BANCA ANTONVENETA continues to hold a first preferred mortgage lien on the M/V MARIANO LAURO, regardless of whether Defendant PENINSULA ENTERPRISE or Defendant PENINSULA SHIPPING is the true owner of the vessel.

## COUNT IV
## RULE B ATTACHMENT

45. Plaintiff-in-Intervention, BANCA ANTONVENETA, repeats and re-alleges each and every allegation contained in paragraphs 1 through 20, Paragraph 26 and Paragraphs 28 through 32 and incorporates those allegations herein.

46. Defendants PENINSULA ENTERPRISE and PENINSULA SHIPPING cannot be found within this District within the meaning of Supplemental Rule B and Local Rule 7.02(a); but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees

47. Plaintiff-in-Intervention believes that some of these assets of Defendants PENINSULA ENTERPRISE and PENINSULA SHIPPING are or will be located within this District and are thereby subject to process of Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, to wit:

> The M/V MARIANO LAURO; all property of Defendants aboard the M/V MARIANO LAURO; accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured

debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants;

WHEREFORE, Plaintiff-in-Intervention prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That a warrant for the arrest of the M/V MARIANO LAURO be issued;

C. That since the Defendants cannot be found within this District pursuant to Supplemental Rule B, that all of the assets of the Defendants presently within this District, or assets expected in this District during the pendency of this action, including, but not limited to, the M/V MARIANO LAURO and/or any assets within the possession, custody or control of any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, be attached and garnished in an amount sufficient to answer Plaintiff's claim;

D. That the preferred mortgage lien of Plaintiff-in-Intervention BANCO ANTONVENTA be declared valid and that it may have a decree against the M/V MARIANO LAURO, her engines, tackle, furniture, apparel, appurtenances, etc., on board and on shore, for the full amount of the aforesaid claims, interests and costs, and that the M/V MARIANO LAURO be sold at public auction and the proceeds of such sale be distributed to the Plaintiff-in-Intervention BANCO ANTONVENTA in full or partial satisfaction of the amount of the Plaintiff-in-Intervention's claim;

E. That this Court enter judgment against Defendants in the amount of USD 10,380,755.73, plus interest, costs and attorney's fees, along with any such other and further relief as this Court may deem just and proper; and

F.  That Plaintiff-in-Intervention may have such other, further and different relief as may be just and proper.

Dated: Jacksonville, FL

March 30, 2010

        MOSELEY, PRICHARD, PARRISH, KNIGHT & JONES
        Attorneys for Plaintiff-in-Intervention
        BANCA ANTONVENETA, S.P.A.
        AND ITS SUCCESSORS AND ASSIGNS

By: _____
        James Moseley, Jr.
        Florida Bar No. 699926
        Email: jmoseleyjr@mppkj.com
        Eric L. Hearn
        elhearn@mppkj.com
        Florida Bar No. 0094269
        501 West Bay Street
        Jacksonville, Florida 32202
        Tel: (904) 356-1306
        Fax: (904) 354-0194

Of counsel:

CHALOS & CO, P.C.
George M. Chalos
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com

## VERIFICATION OF COMPLAINT

**STATE OF FLORIDA**        }

**COUNTY OF DUVAL**         }

Eric L. Hearn, being duly sworn deposes and says:

I am an attorney with Moseley, Prichard, Parrish, Knight & Jones, counsel for Banca Antonveneta, S.p.A. and is Successors and Assigns, Plaintiff-in-Intervention in this action. I have read the foregoing Complaint and know the contents thereof. I believe the matters contained therein to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

FURTHER AFFIANT SAYETH NOT.

_____
Eric L. Hearn

SWORN AND SUBSCRIBED before me
on March 30, 2010.

_____
NOTARY PUBLIC

R. ANN KOVACS
Commission # DD 880368
Expires April 23, 2013
Bonded Thru Troy Fain Insurance 800-385-7019

Chalos & Co ref: 2087.006                    12